RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0041p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

IBEW LOCAL NO. 58 ANNUITY FUND; ELECTRICAL
WORKERS PENSION TRUST FUND OF IBEW LOCAL NO.
58, DETROIT, MICHIGAN; IBEW LOCAL NO. 58,
                *Plaintiffs-Appellants*,

    *v.*

EVERYWARE GLOBAL, INC., et al,
                *Defendants*,

JOHN K. SHEPPARD; BERNARD F. PETERS; DANIEL COLLIN; STEPHEN W. PRESSER; MONOMOY CAPITAL PARTNERS, LLC; MONOMOY EXECUTIVE CO-INVESTMENT FUND, L.P.; MONOMOY CAPITAL PARTNERS II, L.P.; MCP SUPPLEMENTAL FUND II, L.P.; MONOMOY GENERAL PARTNER, L.P.; MONOMOY GENERAL PARTNER II, L.P.; MONOMOY ULTIMATE GP, LLC; OPPENHEIMER & CO. INC.; CJS SECURITIES, INC.; TELSEY ADVISORY GROUP, LLC; IMPERIAL CAPITAL, LLC; BTIG, LLC; THOMAS J. BALDWIN; MICHAEL JURBALA; BARRY L. KASOFF; RONALD D. MCCRAY; WILLIAM J. KRUEGER; JOSEPH A. DE PERIO; RON WAINSHAL; MONOMOY CAPITAL PARTNERS, L.P.; MCP SUPPLEMENTAL FUND, L.P.,
                *Defendants-Appellees*.

No. 16-3445

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:14-cv-01838—Algenon L. Marbley, District Judge.

Argued: February 1, 2017

Decided and Filed: February 21, 2017

Before: GIBBONS, ROGERS, and McKEAGUE, Circuit Judges.

---

**COUNSEL**

---

**ARGUED:** Thomas Livezey Laughlin, IV, SCOTT+SCOTT, New York, New York, for Appellants.  David F. Graham, SIDLEY AUSTIN LLP, Chicago, Illinois, for Appellee Sheppard.  C. Thomas Brown, ROPES & GRAY LLP, New York, New York, for Monomoy Appellees. **ON BRIEF:** Thomas Livezey Laughlin, IV, SCOTT+SCOTT, New York, New York, for Appellants.  David F. Graham, Rachel B. Niewoehner, SIDLEY AUSTIN LLP, Chicago, Illinois, for Appellee Sheppard.  C. Thomas Brown, John N. McClain, III, ROPES & GRAY LLP, New York, New York, Christopher G. Green, ROPES & GRAY LLP, Boston, Massachusetts, for Monomoy Appellees.  Steven J. Rosenberg, STEVEN J. ROSENBERG, P.C., Chicago, Illinois, for Appellee Peters.  Jay K. Musoff, Jacobus J. Schutte, LOEB & LOEB, LLP, New York, New York, for Appellee Jurbala.  Roger P. Sugarman, KEGLER, BROWN, HILL + RITTER CO., L.P.A., Columbus, Ohio, Susan F. DiCicco, MORGAN, LEWIS & BOCKIUS LLP, New York, New York, for Underwriter Appellees.  Michael E. Swartz, Christopher H. Giampapa, SCHULTE ROTH & ZABEL LLP, New York, New York, for Appellees Baldwin, Kasoff, McCray, Krueger, De Perio, and Wainshal.

---

**OPINION**

---

ROGERS, Circuit Judge.  In this private securities litigation, investors in a now-bankrupt company called EveryWare sued EveryWare's officers, directors, principal shareholders, and underwriters, alleging that some defendants violated the Securities Exchange Act of 1934 by materially misrepresenting EveryWare's finances, and that some defendants violated the Securities Act of 1933 by verifying those alleged material misrepresentations to be true, and by failing to disclose other material facts, in a registration statement and a prospectus that they signed in connection with an offering of EveryWare's shares.  The district court dismissed plaintiffs' complaint, reasoning that the Exchange Act claims fail because plaintiffs have not alleged particularized facts giving rise to a strong inference that defendants acted with the requisite scienter, and that the Securities Act claims fail because plaintiffs have not alleged any well-pleaded material statement or omission in the registration statement or the prospectus.  On appeal, plaintiffs repeat the arguments that they made in the district court.  Their arguments fail here for reasons set out by the district court in its thorough opinion.  Because the district court's

No. 16-3445     *IBEW Local No. 58 Annuity Fund, et al. v. EveryWare Global, et al.*     Page 3

opinion fully responds to plaintiffs' arguments on appeal, we adopt the reasoning of the district court, as indicated below, with respect to those issues necessary to resolve this appeal.

EveryWare Global, Inc., is an Ohio manufacturer of kitchenware. Plaintiffs purchased EveryWare securities between May 21, 2013, and May 16, 2014. Plaintiffs alleged a "pump and dump" scheme by EveryWare's principal shareholders and officers to inflate the price of EveryWare shares and then to sell their EveryWare shares before prices plummeted.

The district court opinion details the factual allegations in the complaint. *In re EveryWare Global, Inc. Sec. Litig.*, 175 F. Supp. 3d 837, 843–48 (S.D. Ohio 2016). Plaintiffs mainly allege: (1) that CEO John Sheppard, in January 2013, released EveryWare's financial projections for 2013, despite actually knowing those financial projections to be false and misleading; (2) that CEO Sheppard and CFO Bernard Peters, in August 2013, told investors, with the intent to deceive, manipulate, or defraud, that EveryWare was on track to meet its financial projections; and (3) that when EveryWare offered a portion of its shares to investors in September 2013, and submitted a registration statement and a prospectus in connection with that offering, EveryWare's underwriters and directors signed those documents declaring them to be true, even though those documents incorporated EveryWare's financial projections and failed to disclose material downward trends in the business.

Plaintiffs failed to plead successfully that EveryWare's financial projections in January 2013 violated § 10(b) of the Securities Exchange Act of 1934, or the related SEC Rule 10b-5, for the reasons that the district court fully explained: because those projections were forward-looking statements, and because plaintiffs failed to plead facts that gave rise to a "strong inference" that CEO Sheppard had "actual knowledge" that those projections were false or misleading. We adopt that reasoning of the district court. 175 F. Supp. 3d at 851–54.[1]

Plaintiffs similarly failed to plead successfully that CEO Sheppard's and CFO Peters's on-track statements in August 2013 violated § 10b or Rule 10b-5, for the reason that the district court ultimately relied on: because plaintiffs failed to plead facts that gave rise to a "strong

---

[1] We do not reach the two other reasons that some defendants argue on appeal to be independently sufficient alternative grounds on which to hold that the projections did not violate § 10(b): that the projections were not false or misleading; and that they were made by Sheppard, not by one of the principal shareholders.

No. 16-3445     *IBEW Local No. 58 Annuity Fund, et al. v. EveryWare Global, et al.*     Page 4

inference" that defendants acted with "a mental state embracing intent to deceive, manipulate or defraud." We adopt that reasoning of the district court, also. 175 F. Supp. 3d at 856–61.[2]

Because plaintiffs have failed to meet the heightened pleading standards for defendants' requisite scienter, they have failed to state a violation of § 10(b) or Rule 10b-5 upon which relief can be granted, as the district court properly concluded. Because plaintiffs failed to state substantive violations of the Securities Exchange Act, they have also failed to state secondary liability for those substantive violations under § 20(a) of the Securities Exchange Act, as the district court also properly concluded. 175 F. Supp. 3d at 861.

Plaintiffs also challenge the district court's dismissal of their claims under the Securities Act of 1933, repeating arguments rejected below that EveryWare's directors and underwriters signed as true a registration statement and a prospectus that contained material misrepresentations. Plaintiffs have failed to state a violation of § 11 or § 12(a)(2) of the Securities Act because they have not pleaded plausibly that those documents contained material misrepresentations, as the district court correctly reasoned. 175 F. Supp. 3d at 869–73.[3] Without a substantive claim of violation of the Securities Act upon which relief can be granted, there can be no claim of secondary liability under § 15 of the Securities Act, either, as the district court also correctly reasoned. 175 F. Supp. 3d at 873.

The judgment of the district court is affirmed.

---

[2] We need not, and accordingly do not, address the district court's classification of those on-track statements as not forward-looking. *See In re EveryWare Global, Inc. Sec. Litig.*, 175 F. Supp. 3d at 854–56. We also do not reach the arguments on appeal that some defendants advance as independently sufficient grounds on which to conclude that the on-track statements did not violate § 10(b): that the on-track statements, like the projections, were forward-looking statements that qualified for the PSLRA's safe-harbor provision; that the on-track statements were not sufficiently pleaded to be false or misleading under § 10(b); and that, in any event, no questioned statement was made by one of the principal shareholders.

[3] We need not, and accordingly do not, address the district court's discussions of the statute of limitations and standing. 175 F. Supp. 3d at 861–69.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 16-3445

IBEW LOCAL NO. 58 ANNUITY FUND; ELECTRICAL
WORKERS PENSION TRUST FUND OF IBEW LOCAL
NO. 58, DETROIT, MICHIGAN; IBEW LOCAL NO. 58,
    Plaintiffs - Appellants,

    v.

EVERYWARE GLOBAL, INC., et al,
    Defendants,

JOHN K. SHEPPARD; BERNARD F. PETERS; DANIEL
COLLIN; STEPHEN W. PRESSER; MONOMOY CAPITAL
PARTNERS, LLC; MONOMOY EXECUTIVE CO-INVESTMENT
FUND; MONOMOY CAPITAL PARTNERS II, L.P.; MCP
SUPPLEMENTAL FUND II, L.P.; MONOMOY GENERAL
PARTNER, L.P.; MONOMOY GENERAL PARTNER II, L.P.;
MONOMOY ULTIMATE GP, LLC; OPPENHEIMER & CO. INC.;
CJS SECURITIES, INC.; TELSEY ADVISORY GROUP, LLC;
IMPERIAL CAPITAL, LLC; BTIG, LLC; THOMAS J. BALDWIN;
MICHAEL JURBALA; BARRY L. KASOFF; RONALD D. MCCRAY;
WILLIAM J. KRUEGER; JOSEPH A. DE PERIO; RON WAINSHAL;
MONOMOY CAPITAL PARTNERS, L.P.; MCP SUPPLEMENTAL FUND, L.P.,
    Defendants - Appellees.

**FILED**
Feb 21, 2017
DEBORAH S. HUNT, Clerk

Before: GIBBONS, ROGERS, and McKEAGUE, Circuit Judges.

**JUDGMENT**

On Appeal from the United States District Court
for the Southern District of Ohio at Columbus.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: February 21, 2017

Mr. Christopher Thomas Brown
Mr. John N. McClain III
Ropes & Gray
1211 Avenue of the Americas
New York, NY 10036

Ms. Susan Felice DiCicco
Morgan, Lewis & Bockius
101 Park Avenue
45th Floor
New York, NY 10178

Mr. Christopher H Giampapa
Michael E. Swartz
Schulte Roth & Zabel
919 Third Avenue
New York, NY 10022-0000

Mr. David F. Graham
Sidley Austin
1 S. Dearborn
Chicago, IL 60603

Mr. Christopher G. Green
Ropes & Gray
800 Boylston Street
Boston, MA 02199

Mr. Thomas Livezey Laughlin IV
Scott & Scott
230 Park Avenue
17th Floor
New York, NY 10169

Mr. Jay Musoff
Mr. Jacobus Schutte
Loeb & Loeb
345 Park Avenue
New York, NY 10154

Steven Joel Rosenberg I
Law Office of Steven J. Rosenberg
53 W. Jackson Boulevard
Suite 728
Chicago, IL 60604

Mr. Roger P. Sugarman
Kegler, Brown, Hill & Ritter
65 E. State Street
Suite 1800
Columbus, OH 43215

Re: Case No. 16-3445, *IBEW Local No. 58 Annuity Fun, et al v. Everyware Global, Inc., et al*
Originating Case No. : 2:14-cv-01838

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                            Yours very truly,

                                            Deborah S. Hunt, Clerk

                                            Dixie Aerni
                                            Deputy Clerk

Enclosures

Mandate to issue.